# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **ACCORDIA LIFE AND ANNUITY COMPANY,** § § § | |
| **Plaintiff,** § | |
| v. § § | |
| **LESLIE A. SHYVERS,** § § | CIVIL ACTION NO. _____ |
| and § § | |
| **JO M. POLLACK, M.D., P.A.,** a Texas Professional Association § § § | |
| and § § | |
| **GRIST MILL TRUST WELFARE BENEFIT PLAN** § § § | |
| and § § | |
| **KATHLEEN KEHOE, IN HER CAPACITY AS TRUSTEE OF THE GRIST MILL TRUST WELFARE BENEFIT PLAN** § § § § § | |
| **Defendants.** § § | |

## COMPLAINT IN INTERPLEADER

Plaintiff Accordia Life and Annuity Company files this Complaint in Interpleader against Defendants Leslie A. Shyvers, Jo M. Pollack, M.D., P.A., Grist Mill Trust Welfare Benefit Plan, and Kathleen Kehoe, in her capacity as Trustee of Grist Mill Trust Welfare Benefit Plan (collectively "Defendants"), and states and alleges as follows:

## PARTIES

1. Plaintiff Accordia Life and Annuity Company ("Accordia") is an insurance company organized and existing under and by the virtue of the laws in the state of Iowa with its principal place of business at 215 10th Street, Des Moines, Iowa 50309. Accordia is the current insurer and obligor under the life insurance policy that is the subject of this Interpleader.

2. Defendant Leslie A. Shyvers ("Shyvers") is an individual citizen of Texas residing in Houston, Texas. She may be served with process at her last known address of 11806 Castle Ridge Drive, Houston, Texas 77077 or at 18300 Katy Freeway, Suite 275, Houston, Texas 77094.

3. Defendant Jo M. Pollack, M.D., P.A. ("Pollack PA") is a Texas professional association with its principal place of business located in Houston, Texas. Pollack PA is an employer plan sponsor of the Grist Mill Trust Welfare Benefit Plan. Pollack PA may be served with process by serving Jo M. Pollack, M.D., an officer of such corporation, at 18300 Katy Freeway, Suite 275, Houston, Texas 77094.

4. Defendant Grist Mill Trust Welfare Benefit Plan ("Grist Mill") is a multiple employer welfare benefit plan formed as a trust under the laws of the state of Connecticut.

5. Defendant Kathleen Kehoe is Trustee of Grist Mill, the named owner and beneficiary of the life insurance policy that is the subject of this Interpleader. Upon information and belief, Grist Mill and Kehoe, in her capacity as Trustee of Grist Mill, may be served with process at their principal place of business located at 10 Tower Lane, 2nd Floor, Avon, Connecticut 06001.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this interpleader action, together with the claims, counterclaims and defenses arising from the transactions and occurrences that

are the subject matter of this interpleader action, pursuant to 28 U.S.C. § 1335, in that minimal diversity exists because at least two of the claimants (*i.e.,* defendants) to the "res" that is subject to this statutory interpleader are citizens of different states and the value of the res equals and exceeds $500.

7.	Being a statutory interpleader under 28 U.S.C. § 1335, this Court has personal jurisdiction over the defendants pursuant to 28 U.S.C. § 2361.

8.	Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the defendants as claimants or potential claimants resides in this judicial district.

## FACTUAL BACKGROUND

9.	Upon information and belief, in 2005, Defendant Pollack PA adopted the Grist Mill Trust Welfare Benefit Plan to provide certain benefits to its employee(s), including Defendant Shyvers. Upon information and belief, between the years of 2005 and 2010, Pollack PA made contributions to Grist Mill of $750,000.

10.	As a consequence of Pollack PA's participation in Grist Mill, on or about November 30, 2005, Shyvers completed an application for an Indianapolis Life Insurance Company ("Indianapolis Life") flexible premium adjustable life insurance policy.

11.	Effective February 14, 2006, Indianapolis Life issued Policy No. ******5350 (the "Policy"), insuring Shyvers' life with a face amount of $811,706, and naming Grist Mill as both the owner and beneficiary of the Policy in accordance with Shyvers' application. As the designated owner and beneficiary of the Policy, Grist Mill is entitled to obtain policy loans, surrender the Policy for its net cash surrender value, and/or receive the Policy's death benefit upon Shyvers' death.

12.     Grist Mill and/or Pollack PA, directly or indirectly, paid a total of $142,500 in premium payments on the Policy.

13.     Effective December 14, 2013, the face amount of the Policy was reduced to $263,500.

14.     Effective September 30, 2008, Indianapolis Life Insurance Company was merged into Aviva Life and Annuity Company, a subsidiary of Aviva USA Corporation.  In 2013, Athene Holding, Ltd. acquired Aviva USA Corporation, and as of March 2014, Aviva Life and Annuity Company changed its name to Athene Annuity and Life Company.  At the time of the acquisition of Aviva USA Corporation, Athene Holding, Ltd. sold the life insurance business that it acquired from Aviva USA Corporation (including the Policy) to Accordia Life and Annuity Company, a subsidiary of Global Atlantic Financial Group Limited, and Accordia became the reinsurer of the Policy.  Thereafter, most of these life insurance policies (including the Policy) were transferred to Accordia as the direct insurer, and Accordia assumed direct responsibility for the payment of all claims, benefits and all other policy obligations under the Policy.  In January 2016, this novation of the Policy to Accordia was completed.  Due to the novation, Accordia is now the insurer under (and the obligor under) the Policy.

15.     On November 17, 2016, Accordia received a request from Grist Mill to surrender the Policy, and to be paid the full surrender value of the Policy.  This form was signed by Kathleen Kehoe, as Trustee for Grist Mill.

16.     On December 21, 2016 counsel for Shyvers and Pollack PA sent a letter to counsel for Accordia making a formal claim on behalf of Leslie Shyvers to all rights and benefits under the Policy.  Through her counsel's letter, Shyvers claims to be the beneficial owner of the Policy and to have all rights and interest to control the policy and the distribution of any

proceeds from the policy. Shyvers' counsel further requested that Accordia make no distributions from or changes to the Policy until further notice.

17. In light of Shyvers' claim to all rights and benefits of the Policy, and in accordance with the contractual terms of the Policy requiring payment of the surrender value of the Policy within six months of the request for surrender (*i.e.*, by May 17, 2017), Accordia delayed payment of the surrender value of the Policy to provide the claimants additional time to resolve their disputes with respect to the Policy. Accordia was recently advised, however, that the claimants have not been able to resolve their competing claims to the Policy.

18. In light of these competing claims, Accordia has not processed Grist Mills' request to surrender the Policy. The Policy remains in force and, as of May 10, 2017, had a net cash value of $46,585.69.

19. The Policy, as issued pursuant to application, names Grist Mill as its owner and beneficiary, investing Grist Mill with certain rights while also creating express obligations from Accordia as set forth in the Policy. Such rights and obligations include the making of policy loans, and/or the payment of the Policy's net cash surrender value in accordance with the Policy terms upon request from the Policy's owner, as well as payment of the Policy's death benefit to the designated beneficiary upon Shyvers' death. However, Shyvers asserts that she should be recognized as the Policy's owner and beneficiary, directing Accordia to refrain from making any such distributions or payments from the Policy to Grist Mill.

20. Thus, Accordia, as insurer of the Policy, is subject to rival claims between Shyvers and/or Pollack PA and Grist Mill and/or Kathleen Kehoe, in her capacity as Trustee of Grist Mill, as to ownership of the Policy and their respective rights to the Policy.

21. Accordia is an innocent stakeholder who neither has, nor claims, any interest in the rights to the Policy. Unless these rival claims to the Policy are resolved in a single proceeding pursuant to an appropriate court order, Accordia is at a substantial risk of suffering double liability and/or inconsistent rulings as to its liability for the Policy benefits.

## DEPOSIT OF THE POLICY OF INSURANCE INTO THE REGISTRY OF THIS COURT

22. Pursuant to 28 U.S.C. § 1335(a) and Fed.R.Civ.P. 67, plaintiff Accordia will hereafter file, after conferring with the defendants in compliance with Local Rule 7.1(D), its Motion for Leave to Deposit the Intangible Obligations Due Under the Policy, seeking leave to deposit the contractual obligations due under the Policy into the registry of this Court, with the further acknowledgement and promise of Accordia that it will perform the obligations otherwise due under the Policy only upon the further order of this Court, all for the purpose of adjudicating this interpleader action and determining which of the defendants herein are entitled to the benefits arising by virtue of such Policy.

## CAUSE OF ACTION IN INTERPLEADER

23. The claims of the Defendants are adverse and conflicting, and Accordia is unable to fully determine the Policy's rightful owner, to whom Accordia's rights and obligations under the Policy flow. Accordia is therefore in the position of an innocent stakeholder faced with the possibility of multiple liability on a single obligation and incidental costs.

24. Accordia neither has, nor claims, any ownership interest in the Policy, for which Accordia at all times has been willing to perform all contractual obligations to the rightful owner.

25. Accordia has filed this Complaint in Interpleader of its own free will to avoid multiple liability and unnecessary suits and costs, and unconditionally tenders the disputed

contractual obligations coming due under the Policy into the Court's registry, there to abide the judgment of this Court and to be performed in accordance therewith.

## PRAYER

26. WHEREFORE, Plaintiff Accordia Life and Annuity Company requests:

(a) That Defendants Leslie A. Shyvers, Jo M. Pollack M.D., P.A., Grist Mill Trust Welfare Benefit Plan, and Kathleen Kehoe, in her capacity as Trustee of the Grist Mill Trust Welfare Benefit Plan, be required to interplead together their conflicting ownership claims to Accordia Life and Annuity Company Policy No. ******5350;

(b) That Defendants Leslie A. Shyvers, Jo M. Pollack M.D., P.A., Grist Mill Trust Welfare Benefit Plan, and Kathleen Kehoe, in her capacity as Trustee of the Grist Mill Trust Welfare Benefit Plan, be restrained and enjoined from instituting or prosecuting any action or proceeding in any State or United States Court affecting Accordia Life and Annuity Company Policy No. ******5350;

(c) That the Court enter an order granting Accordia's forthcoming motion for leave to deposit the contractual obligations due under Accordia Life and Annuity Company Policy No. ******5350 into the registry of this Court, with the further acknowledgement and promise of Accordia that it will perform the obligations otherwise due under the Policy only upon the further order of this Court, all for the purpose of adjudicating this interpleader action and determining which of the Defendants herein are entitled to the benefits arising by virtue of the Policy;

(d) That the Court enter a declaratory judgment awarding ownership of Accordia Life and Annuity Company Policy No. ******5350 and the rights thereunder to the rightful owner(s) of the Policy;

(e) That Accordia be released and discharged from all liability to any party to this action on account of the matters relating to the ownership of Accordia Life and Annuity Company Policy No. ******5350, conditioned only upon the compliance by Accordia with the future order or judgment of the Court with respect to said policy, which is the subject matter of the controversy;

(f) That Accordia be awarded its reasonable costs and attorney's fees; and

(g) Such other and further relief, at law or in equity, to which Accordia may be justly entitled.

Dated:  May 11, 2017

      Respectfully submitted,

      EDISON, MCDOWELL & HETHERINGTON  LLP

      */s/ Kendall J. Burr*
      Kendall J. Burr
      State Bar No. 24067533
      1001 Fannin Street, Suite 2700
      Houston, Texas  77002
      Telephone:     (713) 337-5580
      Facsimile:      (713) 337-8850
      kendall.burr@emhllp.com

      ATTORNEY FOR PLAINTIFF

<u>OF COUNSEL</u>:

WALTERS BENDER STROHBEHN & VAUGHAN, P.C.
J. Michael Vaughan
Missouri State Bar No. 24989

**COMPLAINT IN INTERPLEADER – Page 8**

2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (fax)
mvaughan@wbsvlaw.com
*pro hac admission documents to be filed

**COMPLAINT IN INTERPLEADER – Page 9**